UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
                                                  :
PATRICIA SEGGERMAN                    :        3:11 CV 1219 (JBA)
                                                  :
V.                                                    :
                                                    :
CAROLYN W. COLVIN,                     :
ACTING COMMISSIONER OF          :
SOCIAL SECURITY                             :
                                                    :        DATE: JUNE 5 , 2014
-------------------------------------------------------- x

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

The procedural history of this case is complex, and spans a period of ten years. On March 8, 2004, plaintiff applied for Childhood Disability Insurance Benefits under the earnings record of her father, Harry A. Seggerman, alleging onset of disability on April 28, 1967, due to status post right below the knee amputation secondary to a resection of the periosteal sarcoma of the right femur, and schizophrenia; plaintiff's applications were denied initially and upon reconsideration. (Dkt. #34, at 1). After a hearing before ALJ Ronald J. Thomas on January 23, 2006, ALJ Thomas issued his decision denying plaintiff benefits, and on June 20, 2008, the Appeals Council remanded the case to the ALJ. (Id. at 1- 2). A second hearing was held before ALJ Thomas on May 13, 2009, and a month later, on June 12, 2009, ALJ Thomas concluded that plaintiff was not disabled during the relevant time period. (Id. at 2-3). On June 3, 2011, the Appeals Council denied plaintiff's request for review, and on August 3, 2011, plaintiff filed her complaint in this pending action. (See id. at 3; Dkt. #1). On August 4, 2011, this case was referred from United States District Judge Janet Bond Arterton to this Magistrate Judge, and after the completion of briefing, on April 23, 2013, this Magistrate Judge issued her Recommended Ruling granting in part plaintiff's Motion to Reverse and/or Remand, and denying defendant's Motion to Affirm ["April 2013

Recommended Ruling"]. (Dkts. ##7, 34). Following defendant's objection (Dkt. #36) to the April 2013 Recommended Ruling, on September 23, 2013, Judge Arterton issued her Ruling on Defendant's Objections to the Recommended Ruling ["September 2013 Ruling"], approving and adopting the April 2013 Recommended Ruling, with modification in that the September 2013 Ruling sustained defendant's objection, concluding that the ALJ did comply with the first remand order. (Dkt. #38, at 15).

On April 15, 2014, plaintiff filed the pending Motion for Attorney's Fees, with affidavit and brief in support. (Dkt. #43).[1] Sixteen days later, defendant filed her brief in opposition (Dkt. #44),[2] and on May 12, 2014, plaintiff filed her reply brief. (Dkt. #45).

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #43) is granted in the amount of **$13,005.47 for a total of 68.8 hours**, as follows: 11.8 hours at a rate of $186.36 for a total of $2,199.05 for 2011; 38.5 hours at a rate of $188.65 for a total of $7,263.03 for 2012; 10.9 hours at a rate of $189.23 for a total of $2,062.61 for 2013; and 7.6 hours at a rate of $194.84 for a total of $1,480.78 for 2014.

## I. DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412, the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)(footnote & citation omitted). In order for an award of attorney fees to enter, this Court must find that plaintiff is a prevailing party, that the Commissioner of Social Security's

---

[1] Plaintiff's counsel also attached his Itemization of Time ["Time Log"].

[2] Attached to defendant's brief is a copy of unpublished case law, and a copy of the Consumer Price Index for actions commenced on or after March 29, 1996 ["CPI"].

opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty days of final judgment.  28 U.S.C. § 2412(d)(1)(B).

In the underlying motion, plaintiff's counsel seeks an award of $15,904.73 for 79.7 hours of work, consisting of 12.4 hours in 2011, at an hourly rate of $194.27, 45.5 hours in 2012, at an hourly rate of $197.86, 11 hours in 2013, at an hourly rate of $200.36, 10.8 hours in 2014, at an hourly rate of $201.69.[3]  (Dkt. #43; see also Dkt. #45, at 8-9).

Defendant does not contest plaintiff's prevailing party status, but does object to the hourly rates requested, and to the "amount of fees sought for some activities as they are excessive for the services rendered, were not reasonably necessary, or are not compensable under the EAJA."  (Dkt. #44, at 1).  Defendant urges this Court to award no more than $9,248.74, or 49 hours, at rates of $186.36 for 2011, $188.65 for 2012, $189.23 for 2013, and $194.84 for 2014.  (Id. at 1, 4-5).

A. HOURLY RATE

Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee . . . ."  28 U.S.C. § 2412(d)(2)(A).  While the "cost of living" is not defined by the EAJA,

---

[3]Plaintiff's counsel states in his motion that he spent 10.8 hours in 2014, which is reflected in the dated time entries recorded in 2014.  (Time Log at 3-4).  However, plaintiff's counsel states that of those 10.8 hours, he spent 4.6 hours on the pending Motion for Attorney's Fees.  (Id; see Dkt. #43, at 1).  The dated time entries related to his EAJA petition, however, total 5.5 hours, not 4.6 hours.  (Time Log at 3-4).  That said, plaintiff's counsel clarifies that he only requests 2.3 hours for the time spent on this pending Motion.  (See Dkt. #45, at 10 (seek half of 4.6 hours, or 2.3 hours); see also Dkt. #43, at 1 (request for 10.8 hours); Time Log at 3-4 (request for 8.4 hours in 2014)).  This Court will consider the 2.3 hours sought for the EAJA petition, in addition to the 5.3 hours spent from January 14, 2014 to March 31, 2014.  (See Section I.C.4. infra).

such rate is properly measured by the Consumer Price Index ["CPI"]. See Harris v. Sullivan, 968 F.2d 263, 264-66 (2d Cir. 1992); see Dkt. #44, CPI.  However, "[a] district court has discretion whether to grant cost of living increase in statutory hourly rate cap for an attorney fee award under the EAJA, and the increase in the consumer price index does not mandate an increase." Green-Younger v. Barnhart, No. Civ. 3:99 CV 1425(CFD), 2004 WL 2377224, at *5 (D. Conn. Sept. 30, 2004)(citations omitted).

As stated above, plaintiff seeks an hourly rate of $194.27 for 2011, $197.86 for 2012, $200.36 for 2013, and $201.69 for 2014, which rates are not consistent with the U.S. City Average CPI, see Dkt. #44, CPI, at 1; Kiely v. Astrue, No. 3:10 CV 1079(MRK)(WIG), 2012 WL 3727164, at *1 (D. Conn. Mar. 30, 2012)(awarding $175.06 in 2010, $180.42 for 2011, and $181.50 for all hours in first two months of 2012, consistent with the U.S. City Average CPI), nor are they consistent with the CPI rates for Connecticut in those years. (See Dkt. #44, CPI, at 2)(average hourly rate for CT for 2011 is $185.97, for 2012 is $189.63, for 2013 is $192.82, and for 2014 through March is $194.84).  Additionally, plaintiff's counsel's proposed rates are not consistent with other rates awarded in this district, see Barrow v. Astrue, No. 3:11 CV 828(VLB)(TPS), 2013 WL 2428992, at *1 (D. Conn. Jun. 4, 2013)(awarding $185.97 for 2011 and $189.20 in 2012, consistent with the All Urban Consumers Northeast Index); Bathrick v. Astrue, No. 3:11 CV 101(VLB)(TPS), 2012 WL 4372059, at *1-2 (D. Conn. Sept. 24, 2012)(awarding flat hourly rate of $188.35 for 2010-2012), and they are not consistent with rates awarded to this counsel by this Court.  See Barnes v. Astrue, No. 3:11 CV 1780(HBF), 2013 WL 1296498, at *2 (D. Conn. Mar. 28, 2013)(awarding $186.36 for 2011 and $188.27 for 2012, accepting plaintiff's counsel's certification that these rates accurately reflect the increase in cost of living based on the

CPI), approved over plaintiff's objection, No. 3:11 CV 1780(JCH), 2013 WL 3853446 (D. Conn. Jul. 23, 2013); Beck v. Astrue, No. 3:11 CV 1185(JCH)(HBF), 2013 WL 1296494, at *2 (D. Conn. Mar. 26, 2013)(awarding $186.36 for 2011, $188.65 for 2012, $189.23 for 2013, based on the CPI), approved over plaintiff's objection, 3:11 CV 1185(JCH), 2013 WL 3853444 (D. Conn. July 24, 2013).  Accordingly, this Court concludes, consistent with defendant's proposal, and consistent with the rates awarded to counsel in the recent past, the following hourly rates are appropriate: $186.36 for 2011, $188.65 for 2012, and $189.23 for 2013, as well as $194.84 for 2014, which amount is the average rate so far for the CPI adjusted for Connecticut.[4]

### B. REASONABLENESS OF THE NUMBER OF HOURS

It is plaintiff's burden to establish entitlement to this fee award, and the district court has the discretion to determine what fee is "reasonable."  Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983)(interpreting Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which allows a "prevailing party" to recover from his adversary "a reasonable attorney's fee as part of the costs.").[5] This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise  unnecessary[.]"  Id. at 434.

As the parties correctly observe, "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10 CV

---

[4]The hourly rates for 2011-2013 differ slightly from the amounts listed in the CPI rates, with the cost of living adjustment for Connecticut: $185.97 for 2011, $189.63 for 2012, and $192.82 for 2013.  (Dkt. #44, CPI at 2).

[5]The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433, n.7.

1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted).  However, in cases where the "specific circumstances warrant it, courts do not hesitate to award fees in excess of twenty to forty hours." Rodriguez v. Astrue, No. 3:08 CV 154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009)(internal quotations & citation omitted), approved in relevant part, 3:08 CV 154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010).  In such cases, the "[r]elevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." Id. (multiple citations omitted).  In this case, the administrative transcript was 1,386 pages long, and at issue was the establishment of a remote onset date to determine eligibility for childhood disability benefits.  Defendant concedes that the record was "quite long[]" and the issue is one that is "slightly less common[,]" to say the least, and defendant recognizes that this "case was indeed more complicated than the typical Social Security case."  (Dkt. #44, at 2).  Additionally, plaintiff's counsel, who has "specialized in Social Security disability cases for nearly forty years[,]" (Dkt. #43, Aff't ¶ 5), "had not represented [plaintiff] in all of the previous administrative proceedings, and not since 2006, and because he was not familiar with the issues and the medical records in the case, he required more time at the start of the case to identify the issues . . . ."  (Dkt. #43, Brief at 18).  However, defendant argues that although complicated, this case was not "so complex as to require twice the amount of time[]" required to prosecute these cases.  (Dkt. #44, at 2)(emphasis in original). While this Court agrees that the case may not have required "twice" the amount of time required to prosecute these cases, under the specific circumstances of this case, plaintiff's counsel reasonably expended a considerable amount of time in excess

of the average twenty to forty hours and the Court will not make a blanket reduction of counsel's hours on this basis. That said, however, there are specific entries that are subject to reduction as discussed below.

### C. SPECIFIC TIME ENTRIES

#### 1. 2011

Defendant objects to 12.4 hours requested for case preparation in 2011, including conferring with the client, her mother, and her companion, preparing the initial documents, and reviewing ECF notifications, asserting instead that eight hours is more appropriate. (Dkt. #44, at 7). Plaintiff's counsel spent .1 hours reviewing ECF notices, and spent .2 hours when reviewing such notices along with additional court filings. (Time Log, at 1). This amount of time is reasonable. See Rivera v. Astrue, No. 3:07 CV 1049 (SRU)(WIG), 2009 WL 2982647, at *3 (D. Conn. June 18, 2009)(.1 hour was reasonable for review of an ECF notice). Additionally, the time spent with his client, who has a history of mental impairments, and her elderly mother, will not be reduced as it is counsel's obligation to communicate with his client, and such expenditure of time was not "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

A slight reduction is taken from the entries on August 10, 2011, in which plaintiff's counsel billed 1.6 hours for compensable ECF review and letters to the US Marshal and to his client, but also included time for downloading documents for service, preparing instructions to the US Marshal and Social Security Information Sheet, and assembling papers for service, all of which fall within the category of clerical tasks, which are not compensable under the EAJA. See Lee v. Astrue, No. 3:09 CV 1575(CSH)(JGM), 2011 WL 781108, at *4 (D. Conn. Feb. 28, 2011)(citations omitted). The 1.6 hours incurred by plaintiff's counsel will

be reduced by .6 hours. Accordingly, plaintiff is entitled to attorney's fees for 11.8 hours (12.4 hours minus .6 hours) spent in 2011.

### 2. 2012

Defendant objects to the 45.5 hours requested in 2012 for the briefing of this case and the corresponding ECF entries, arguing instead that 30 hours is appropriate. (Dkt. #44, at 8). In this case, plaintiff filed a 47-page brief in support of her Motion to Reverse and/or Remand, which included slightly more than ten pages of boilerplate language (see Dkt. #24, Brief, bottom of page 13 to bottom of page 16, bottom of page 21 to middle of page 24, bottom of page 34 to middle of page 37, page 40 to top of page 42). See Beck, 2013 WL 3853444, at *2 (permitting reduction for "language that was boilerplate or duplicative of other memoranda plaintiff's counsel has filed in other cases.")(citations & internal quotations omitted); Barnes, 2013 WL 3853446, at *1 (same).

In contrast, the other portions of the brief included dozens of case-specific citations and were narrowly tailored to this specific plaintiff. Although plaintiff's counsel did represent plaintiff in 2006, it is reasonable, in light of the five intervening years, that plaintiff's counsel would require substantial time to review the voluminous 1,386-page transcript with handwritten medical records spanning the lifetime of a claimant seeking child disability benefits who, at the time the case made it to the district court, was almost sixty-years old. Thus, in light of the foregoing, a limited reduction of seven hours, versus the reduction of 15.5 hours sought by defendant, is appropriate, so that plaintiff is entitled to attorney's fees for 38.5 hours (45.5 hours minus 7.0 hours) spent in 2012.

### 3. 2013

Defendant also objects to the eleven hours requested in 2013 to review the April

2013 Recommended Ruling and defendant's objection thereto, and to prepare a response. (Dkt. #44, at 8). Defendant contends that the "accounting of these activities is commingled with additional clerical activities such as client contact and ECF review[,]" and thus requests a reduction of three hours to an award of eight hours in 2013. (Id. at 8-9)(citations omitted). As discussed above, plaintiff's time spent communicating with his client and her elderly mother will not be reduced, and .1 hours spent on each review of ECF notices is appropriate. (See Time Log, at 2). However, the entry on April 29, 2013 will be reduced from .2 hours to .1 hours for review of the ECF notice and "Docket and Appearance[.]" (See id.). Although some of the entries from 2013 are commingled, the entries do not include clerical tasks, and the entries include activities that reasonably require the time incurred. (See e.g., Time Log, at 2, 1/17/13: "review Court ECF notice, Docket, Defendant's Motion for Extension, Motion for Order Affirming the Decision of the Commissioner and Memorandum; review file and Administrative Record; identify issues for possible Reply Memorandum; letter to client and mother" - 3.3 hours; 5/6/13: "review Court ECF Notice . . . ; review Defendant's Objection to Recommended Ruling; review file and previous Memorandum; identify issues for Reply Memorandum – 2.3 hours). Accordingly, plaintiff is entitled to attorney's fees for 10.9 hours incurred in 2013.

### 4. 2014

Plaintiff is correct in that although this case was remanded "some time ago," in September 2013, plaintiff could not file her Motion for Attorney's Fees until judgment entered, and in this case, plaintiff's counsel had to file a Motion for Judgment, and brief in support, before such judgment eventually entered. (Dkt. #45, at 9-10; see Dkts. ##38-42). The time plaintiff's counsel spent in 2014 to accomplish this goal - 5.3 hours - will not be

9

reduced.

Additionally, rather than requesting the full 4.6 hours[6] plaintiff's counsel spent on his preparation of the EAJA petition in 2014, plaintiff's counsel seeks half of that time, or 2.3 hours. (Dkt. #45, at 10; see Dkt. #44, at 9).  "Other judges in this district have routinely found that preparation of an EAJA petition to largely involve clerical tasks, which are not compensable under the EAJA, and reduced such requests for [two] hours or less." Barrow, 2013 WL 2428992, at *4 (awarding two hours for preparation of EAJA petition), citing Taylor v. Astrue, No. 09 CV 1791(MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011)(awarding one hour for preparation of largely duplicative EAJA petition); Hosking v. Astrue, No. 3:10 CV 64(MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010)(awarding two hours for preparation of EAJA petition), approved over objection of both parties, 3:10 CV 64(MRK), 2013 WL 4681257 (D. Conn. Nov. 3, 2010).  Plaintiff's request for 2.3 hours spent on this task is reasonable.

### 5. SUMMARY

The attorney's fees awarded are summarized in the chart below:

| Year | # Hours | Hourly Rate | Subtotal |
|---|---|---|---|
| 2011 | 11.8 | $186.36 | $2,199.05 |
| 2012 | 38.5 | $188.65 | $7,263.03 |
| 2013 | 10.9 | $189.23 | $2,062.61 |
| 2014 | 7.6 | $194.84 | $1,480.78 |
| Totals | 68.8 |  | $13,005.47 |

---

[6] See note 3 supra.

## II. CONCLUSION

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #43) is granted in the amount of **$13,005.47 for a total of 68.8 hours**, as follows: 11.8 hours at a rate of $186.36 for a total of $2,199.05 for 2011; 38.5 hours at a rate of $188.65 for a total of $7,263.03 for 2012; 10.9 hours at a rate of $189.23 for a total of $2,062.61 for 2013; and 7.6 hours at a rate of $194.84 for a total of $1,480.78 for 2014.

This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); F$_{ED.}$ R. C$_{IV.}$ P. 6(a), 6(e), and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  See Beck, 2013 WL 3853444, at *1 & 2013 WL 1296494, at *3; Barnes, 2013 WL 3853446, at *1 & 2013 WL 1296498, at *3; Barrow, 2013 WL 2428992, at *4; Bathrick, 2012 WL 4372059, at *3.  As such, it is an order of the Court unless reversed or modified by the district judge upon a motion timely made.

Dated this 5th day of June, 2014 at New Haven, Connecticut.

      /s/ Joan G. Margolis, USMJ
      Joan Glazer Margolis
      United States Magistrate Judge